UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

14250 REALTY ASSOCIATES, LTD.,

         **Plaintiff,**

vs.                                      Case No. 8:-07-cv-788-T-27EAJ

WEDDLE BROS. CONSTRUCTION
COMPANY,

         **Defendant/Third-Party Plaintiff,**

vs.

SANTANA CONSTRUCTION INC., et al.

         **Third-Party Defendants.**
_____/

## ORDER

    **BEFORE THE COURT** are the following motions to dismiss the Second Amended Third

Party Complaint by seven of the Third Party Defendants: (1) Southeast Stairs and Rails, Inc.'s

Motion to Dismiss (Dkt. 112); (2) McGinnes Lumber's Motion to Dismiss (Dkt. 114); (3) Santana

Construction, Inc.'s Motion to Dismiss (Dkt. 118); (4) Superior Stucco, Inc.'s Motion to Dismiss

(Dkt. 123); (5) Allen Iron Work's Motion to Dismiss (Dkt. 125); (6) R&D Thiel's Motion to Dismiss

(Dkt. 155); and (7) Farris Gypsum Floors of Florida, Inc.'s Motion to Dismiss (Dkt. 168).  Third

Party Plaintiff Weddle Bros. Construction Company has responded in opposition to each of the

Motions to Dismiss (Dkts. 130, 133, 134, 135, 136, 173, 174).

### *Background*

    In the instant action, Plaintiff 14250 Realty Associates, Ltd. ("Plaintiff") alleges that it

entered into a contract with Defendant/Third-Party Plaintiff Weddle Bros. Construction Company

1

("Weddle"), a general contractor, to construct a project consisting of eleven apartment buildings ("the project"). (Dkt. 1, ¶ 5). When Plaintiff decided to sell the project, the buyer performed an inspection, which Plaintiff alleges revealed "various construction defects in the buildings that allowed water to leak into the walls of the buildings and damage the structural components of the walls, balconies, stair landings, and other parts of the buildings." (Dkt. 1, ¶ 10). Plaintiff alleges that it discounted the sale price by $2,050,000.00 to account for the adverse effect of the damages. (Dkt. 1, ¶ 15).

Plaintiff filed the instant breach of contract action against Weddle on May 7, 2007. (Dkt. 1, ¶ 9). On January 23, 2008, Weddle filed its first Third Party Complaint against eight of its subcontractors on the project. (Dkt. 27). The current Second Amended Third Party Complaint ("Third Party Complaint") includes claims against fourteen subcontractors for common law indemnification, equitable subrogation, breach of contract, contractual indemnity, negligence, contribution, and breach of express guarantee. (Dkt. 109). In the instant motions, seven of the Third Party Defendants seek dismissal of various claims.

### *Standard*

Rule 8(a)(2) of the Federal Rules of Civil Procedure requires that a complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief," in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S. Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)); *Davis v. Coca-Cola Bottling Co. Consol.* , 516 F.3d 955, 974 n.43 (11th Cir. 2008).    Although a complaint need not include detailed factual allegations, it must contain sufficient factual allegations, which, when taken as true, "raise a right to relief above the speculative level." *Id.* at 1964-65. A

2

conclusory statement of the elements of a cause of action will not suffice to state a claim under Rule 8. *Id.* A well-pleaded complaint, however, may survive a motion to dismiss even if it appears "that recovery is very remote and unlikely." *Id.* at 1965 (quoting *Scheur v. Rhodes*, 416 U.S. 232, 236 (1974)).

### Discussion

### 1.   *Common law indemnification*

The seven Third Party Defendants have each moved to dismiss Weddle's claims for common law indemnification.  In order to allege a claim for common law indemnification, Weddle must allege that: (1) it was wholly without fault; and (2) its liability was "purely vicarious, derivative or technical." *Rosati v. Vaillancourt*, 848 So. 2d 467, 470 (Fla. 5th DCA 2003); *Dade County Sch. Bd. v. Radio Station WQBA*, 731 So. 2d 638, 642 (Fla. 1999).  In the instant motions, the Third Party Defendants contend that it is legally impossible for Weddle to allege facts in support of the second prong: that Weddle's liability is merely vicarious or technical.

Specifically, Third Party Defendants argue that Weddle had a statutory duty to supervise, direct, manage, and control their work and that this duty renders Weddle's liability joint and several as a matter of law, rather than vicarious or technical.  Third Party Defendants rely on Fla. Stat. § 489.1195, which provides that the "primary qualifying agent"[1] is "jointly and equally responsible for supervision of all operations of the business organization; for all field work at all sites; and for financial matters, both for the organization in general and for each specific job."  Fla. Stat. § 489.1195(1)(a).

---

[1] Pursuant to the Florida statutes regulating contractors, in order to engage in contracting in the state, Weddle was required to "apply for a certificate of authority through a qualifying agent." Fla. Stat. § 489.119(2).

Third Party Defendants' reliance on § 489.1195 is misplaced. First, § 489.1195 governs only the liability of the primary qualifying agent with respect to the business organization (Weddle); it does not discuss the liability of the business organization (Weddle) with respect to the subcontractors (Third Party Defendants), which is the pertinent issue for Weddle's common law indemnification claims. Second, Weddle is not a primary qualifying agent, and any duty imposed by § 489.1195 on qualifying agents is therefore irrelevant. *See* Fla. Stat. § 489.105(4), Fla. Stat. § 489.119(3)(a) (defining primary qualifying agent as a "person" who is a licensed contractor); *Boatwright Const., LLC v. Tarr*, 958 So. 2d 1071, 1073 (Fla. 5th DCA 2007) (noting that § 489.1195 sets forth the responsibilities of qualifying agents).

Finally, Third Party Defendants fail to provide any authority supporting their argument that the regulatory provisions of § 489.1195 prohibit, as a matter of law, common law indemnification claims by general contractors against their subcontractors. Indeed, both prior to and after the enactment of § 489.1195, Florida courts have permitted common law indemnification claims by general contractors against subcontractors. *See e.g., Rosenberg v. Cape Coral Plumbing, Inc.*, 920 So. 2d 61, 65 (Fla. 2d DCA 2005); *Fed. Ins. Co. v. W. Waterproofing Co. of. Am.*, 500 So. 2d 162 (Fla. 1st DCA 1986); *Jerome Nagelbush, Inc. v. Frank J. Rooney, Inc.*, 342 So. 2d 121, 122 (Fla. 3d DCA 1977).

The Court notes that at least one Florida court has held that it is legally impossible for a general contractor to allege the requisite vicarious or technical liability where the subcontractor "was responsible for providing all labor, tools and equipment and was otherwise in control of the details of the project." *See Paul N. Howard Co. v. Affholder, Inc.*, 701 So. 2d 402, 404 (Fla. 5th DCA 1997) (affirming dismissal of third-party complaint). Similar to the facts in *Paul N. Howard Co.*, Weddle

4

alleges that the Third Party Defendants were "solely responsibility for the means, methods, techniques, sequences, and procedure of its scope of work." (*See e.g*, Dkt. 109,  ¶¶ 71, 93, 115). Nonetheless, as Third Party Defendants themselves note, the contracts attached to the Third Party Complaint indicate that the subcontractors worked "under the general supervision of [Weddle] and that Weddle had additional authority over the project. (*See* Dkt. 114 at 5, Dkt. 125 at 4; Dkt. 112 at 4; Dkt. 118 at 5, Dkt. 109, Exhs. G, H, J).[2]  As a result, there is, at the least, a dispute about the level of control -- and corresponding degree of liability -- that Weddle possessed. *Cf. Rosenberg*, 920 So. 2d at 65 (reversing grant of summary judgment where issue of fact remained as to liability).

Weddle has alleged that it is "without fault and is only technically, vicariously, constructively, or derivatively liable" for the deficiencies in the work of the Third Party Defendants. (*See e.g.*, Dkt. 109, ¶¶ 49, 72, 94).   Weddle has therefore adequately alleged its claims for common law indemnification. *Cf. Gate Lands Co. v. Old Ponte Vedra Beach Condo.*, 715 So. 2d 1132, 1134 (Fla. 5th DCA 1998) (dismissing common law indemnity claim for failure to allege third party plaintiff was wholly without fault and vicariously liable).   Accordingly, the motions to dismiss the common law indemnification claims are DENIED.

**2.**     *Equitable subrogation*

The seven Third Party Defendants also move to dismiss the claims against them for equitable subrogation.  Pursuant to Florida law, an equitable subrogation claim is generally available when: "(1) the subrogee made a payment to protect its own interest, (2) the subrogee did not act as a volunteer, (3) the subrogee was not primarily liable for the debt, (4) the subrogee paid off the entire

---

[2] Although the contract for Third Party Defendant R&D Thiel is not attached to the Amended Complaint, Weddle alleges that it is "believed to be in the same format as Exhibit H." (Dkt. 109, ¶ 43).

debt, and (5) subrogation would not work any injustice to the rights of a third party." *See Dade County Sch. Bd.*, 731 So. 2d at 646. The Third Party Defendants argue that the subrogation claims are premature, as Weddle has not alleged that it actually made any payments, as required by the first element of the claim.

As Weddle argues, however, "Florida decisions hold that contingent claims of equitable subrogation and contribution can be asserted prior to making payment." *Essex Builders Group, Inc. v. Amerisure Ins. Co.*, 429 F. Supp. 2d 1274, 1289 (M.D. Fla. 2005); *see Gortz v. Lytal, Reiter, Clark, Sharpe, Roca, Fountain & Williams*, 769 So. 2d 484, 487 (Fla. 4th DCA 2000) (noting that virtually all third party equitable subrogation claims are contingent). Third Party Defendants again fail to provide any authority supporting dismissal of the equitable subrogation claims as a matter of law. Accordingly, the motions to dismiss the equitable subrogation claims are DENIED.

### 3.    *Breach of contract*

The seven Third Party Defendants also move to dismiss Weddle's claims for breach of contract. The elements of a breach of contract action are: (1) a valid contract, (2) a material breach, and (3) damages. *Merin Hunter Codman, Inc. v. Wackenhut Corrs. Corp.*, 941 So. 2d 396, 398 (Fla. 4th DCA 2006). Third Party Defendants argue that Weddle has not adequately specified the nature of their alleged breaches and Weddle's corresponding damages.

In the Third Party Complaint, Weddle alleges that each of the Third Party Defendants materially breached its contract by "failing to fully perform and execute its work pursuant to the terms of its subcontract." (*See e.g.*, Dkt. 109, ¶¶ 53, 76, 98). In its General Allegations preceding the claims, Weddle recites the contractual terms of the work each Third Party Defendant was required to perform. (Dkt. 109, ¶¶ 31-44). Reading the allegations together, Weddle essentially

6

alleges that each of the Third Party Defendants breached each of their obligations under their respective contracts. Weddle has also alleged that it "has and continues to sustain damages." (*See e.g.*, Dkt. 109, ¶¶ 54, 77, 99).

Although the breach of contract claims are broadly-styled and contingent upon Weddle's ultimate liability to Plaintiff, the Court does not find that the claims are premature or otherwise inappropriate. The claims comport with Rule 14, which permits defendants to implead a third party "who is or may be liable to it for all or part of the claims against it." Fed. R. Civ. P. 14(a)(1). Thus, a general contractor may file a third party claim for breach of contract against a subcontractor even when "the third party defendant's potential liability is dependent upon the outcome of the main claim." *Se. Mortg. Co. v. Mullins*, 514 F.2d 747, 749 (5th Cir. 1975); *see e.g. Burton-Dixie Corp. v. Timothy McCarthy Const. Co.*, 436 F.2d 405, 409 (5th Cir. 1971); *CC-Aventura, Inc. v. Weitz Co., LLC*, No. 06-21598, 2007 WL 1296453, at *2 (S.D. Fla. May 1, 2007).

Both Plaintiff's main claim and Weddle's third party claims will necessarily implicate the same evidence regarding defects in construction of Plaintiff's project. As Weddle's rights against the Third Party Defendants are "merely an outgrowth of the same core of facts which determines the plaintiff's claim, impleader is properly used to reduce litigation by having one lawsuit do the work of two." *United States v. Joe Grasso & Son, Inc.*, 380 F.2d 749, 751 (5th Cir. 1967) (internal quotations omitted).   Accordingly, Third Party Defendants' motions to dismiss the breach of contract claims are DENIED.

**4.   *Breach of Express Guarantee***

Four of the Third Party Defendants, Santana Construction, Superior Stucco, R&D Thiel, and Farris Gypsum Floors, move to dismiss Weddle's claims for breach of express guarantee due to

7

Weddle's failure to identify the guarantees that were breached.

The allegations underlying the breach of express guarantee claims are indeed sparse. Weddle alleges only that it "was a known and intended beneficiary of the warranty" and that the subcontractors breached that warranty. Weddle fails to identify the origin of this warranty, fails to identify the terms of the warranty, and fails to describe how it was breached. To the extent Weddle is attempting to allege a breach of express warranty under Florida's Uniform Commercial Code, the claim is plainly deficient. *See Dunham-Bush, Inc. v. Thermo-Air Serv., Inc.*, 351 So. 2d 351, 353 (Fla. 4th DCA 1977) (requiring third-party plaintiff to identify: "1) Facts in respect to the sale of the goods; 2) Identification of the types of warranties created . . . 3) Facts in respect to the creation of the particular warranty. . . 4) Facts in respect to the breach of the warranty; 5) Notice to seller of breach . . . 6) The injuries sustained by the buyer as a result of the breach of warranty."). To the extent Weddle is seeking to allege a separate breach of contract, Weddle must identify the relevant portion of the contract breached. *See e.g.*, *Wood-Hopkins Contracting Co. v. Masonry Contractors, Inc.*, 235 So. 2d 548, 552 (Fla. 1st DCA 1970).

Accordingly, the breach of express warranty claims against Santana Construction, Superior Stucco, R&D Thiel, and Farris Gypsum Floors are DISMISSED WITHOUT PREJUDICE, with leave to amend.

## 5. *Contractual Indemnification*

Santana Construction, Superior Stucco, R&D Thiel, and Farris Gypsum Floors move to dismiss Weddle's claim for contractual indemnification. "A contract for indemnity is an agreement by which the promisor agrees to protect the promisee against loss or damages by reason of liability to a third party." *Dade County Sch. Bd.*, 731 So. 2d at 643. Santana Construction, Superior Stucco,

and R&D Thiel correctly argue that the Amended Complaint fails to identify a relevant indemnity contract or provision. Accordingly, the contractual indemnification claims against these parties are due to be dismissed with leave to amend.

Farris Gypsum Floors make a separate argument, contending that the contractual indemnity provision in its contract with Weddle is invalid as a matter of law pursuant to Fla. Stat. § 725.06. The version of § 725.06 in effect at the time of the execution of the contract required that certain contractual indemnity provisions include either a monetary limitation on the extent of indemnification or specific consideration for the indemnification. Fla. Stat. § 725.06 (1997); *Westinghouse Elec. Corp. v. Turnberry Corp.*, 423 So. 2d 407, 409 (Fla. 4th DCA 1982). Farris contends that neither of these features is present.

Weddle argues that it need not comply with § 726.05 because the statute applies "only in circumstances wherein a party by contract seeks to obtain indemnification from another party for its *own* active *negligence.*" *Fed. Ins. Co.*, 500 So. 2d at 163-64 (emphasis in original) (noting that statute applies when "*any party* . . . obtains indemnification from liability for damages to persons or property caused in whole or in party by any act, omission, or default of *that party*"). Pursuant to the plain language of the indemnification provision in Farris Gypsum Floors' contract, it applies only to "expenses, claims, suits, or judgments . . . which may occur upon or about [Farris's] work." (Dkt. 109, Exh. J at 9).[3] As the contract does not seek indemnification from Farris for Weddle's work, § 726.05 has no application. *See Fed. Ins. Co.*, 500 So. 2d at 163-64; *Alonzo Cothron, Inc. v. Upper Keys Marine Constr., Inc.*, 480 So. 2d 136, 137 (Fla. 3d DCA 1985). As stated above, however,

---

[3] Although Weddle references Exh. H to the Second Amended Third Party Complaint, it appears that Exhibit J is the relevant contract, as Exhibit H is a contract between Weddle and M.C. Construction, another Third-Party Defendant.

Weddle will be required to provide a more definite statement of its contractual indemnification claims.

Based on the foregoing, the contractual indemnification claims against Santana Construction, Superior Stucco, R&D Thiel, and Farris Gypsum Floors are DISMISSED WITHOUT PREJUDICE, with leave to amend.

**6.**    ***Negligence and Contribution***

Lastly, Santana Construction, Superior Stucco, McGinnes Lumber, and Farris Gypsum Floors move to dismiss Weddle's negligence and contribution claims as barred by Florida's economic loss rule. Weddle fails to specifically address the parties' arguments as to these claims.

Florida's economic loss rule prevents one party from suing another in tort when there is contractual privity between the parties and the damages suffered are solely economic. *See Indem.Ins. Co. of N. Am. v. Am. Aviation, Inc.*, 891 So. 2d 532, 536 (Fla. 2004); *Indem. Ins. Co. of N. Am. V. Am. Aviation, Inc.*, 399 F.3d 1275, 1276 (11th Cir. 2005). Specifically, the rule is applied in two instances: (1) "when the parties are in contractual privity and one party seeks to recover damages in tort for matters arising from the contract" and (2) "when there is a defect in a product that causes damage to the product but causes no personal injury or damage to other property." *Indem. Ins. Co. of N. Am.*, 891 So. 2d at 536.

It is undisputed that Weddle was in privity of contract with Santana Construction, Superior Stucco, McGinnes Lumber, and Farris Gypsum Floors, as these contracts are attached to the Third Party Complaint. In addition, Weddle fails to allege any negligent activity separate from the activity underlying the breach of contract claims. Indeed, in its negligence claims, Weddle alleges that the subcontractors owed a duty to "construct the building in full compliance with the applicable building

10

codes, *in accordance with the contract documents*, and in a good and workmanlike manner that would not permit rainwater to penetrate the building under foreseeable operations and conditions." (*See e.g.*, Dkt. 109, ¶¶ 59, 61) (emphasis added). Because Weddle fails to allege "a breach of duty apart from a breach of contract," the appropriate method of recovery is pursuant to the parties' contracts and under contract principles. *Id.* (holding that "when the parties have negotiated remedies for nonperformance pursuant to a contract, one party may not seek to obtain a better bargain than it made by turning a breach of contract into a tort for economic loss."); *see also Casa Clara Condo. Assoc., Inc. v. Charley Toppino and Sons, Inc.*, 620 So. 2d 1244, 1246 (Fla. 1993) (noting that homeowners cannot recover under a building code).[4]  Accordingly, the negligence claims against Santana Construction, Superior Stucco, McGinnes Lumber, and Farris Gypsum Floors are due to be DISMISSED WITH PREJUDICE.

As a result, Weddle's corresponding claims for contribution against these parties fail, as contribution is "only available to joint tortfeasors." *See Dade County Sch. Bd.*, 731 So. 2d 638 at 641 n.2. Because Weddle fails to plead a negligence claim, it cannot plead the requisite common negligence to sustain a claim for contribution. *See Ins. Co. of N. Am. v. Quality Commercial Group, Inc.*, 687 So. 2d 960, 962 (Fla. 5th DCA 1997).  The contribution claims against Santana Construction, Superior Stucco, McGinnes Lumber, and Farris Gypsum Floors are therefore DISMISSED WITH PREJUDICE.

---

[4] In certain circumstances, Florida law recognizes negligence claims by general contractors against architects and engineers for professional malpractice. *Moransais v. Heathman,* 744 So. 2d 973, 983 (Fla. 1999). *See e.g., A.R. Moyer, Inc. v. Graham,* 285 So. 2d 397, 402 (Fla.1973) (permitting negligence action by general contractor against supervising architect); *Southland Constr., Inc. v. Richeson Corp.,* 642 So. 2d 5, 8 (Fla. 5th DCA 1994) (permitting negligence claim by general contractor against an engineer, individually, for professional malpractice).

*Conclusion*

Upon consideration, it is **ORDERED AND ADJUDGED**:

1)       Southeast Stairs and Rails, Inc.'s Motion to Dismiss (Dkt. 112) Counts VIII (common law indemnification), IX (equitable subrogation) and X (breach of contract) is **DENIED**.

2)       McGinnes Lumber's Motion to Dismiss (Dkt. 114) is **DENIED** as to Counts XXII (common law indemnification), XXIII (equitable subrogation), and XXIV (breach of contract) and **GRANTED** as to Count XXVI (negligence).  Count XXVI is dismissed with prejudice.

3)       Santana Construction, Inc.'s Motion to Dismiss (Dkt. 118) is **DENIED** as to Counts I (common law indemnification), II (equitable subrogation), III (breach of contract) and **GRANTED** as to Counts IV (contractual indemnity), V (negligence), VI (contribution), and VII (breach of express guarantee).  Counts V and VI are dismissed with prejudice.

4)       Superior Stucco, Inc.'s Motion to Dismiss (Dkt. 123) is **DENIED** as to Counts XXXXIII (common law indemnification), XXXXIV (equitable subrogation), XXXXV (breach of contract) and **GRANTED** as to Counts XXXXVI (contractual indemnity), XXXXVII (negligence), XXXXVIII (contribution), and XXXXIX  (breach of express guarantee).   Counts XXXXVII and XXXXVIII  are dismissed with prejudice.

5)       Allen Iron Work's Motion to Dismiss (Dkt. 125) Counts XV (common law indemnification), XVI (equitable subrogation), and XVII (breach of contract) is **DENIED**.

6)       R&D Thiel's Motion to Dismiss (Dkt. 155) is **DENIED** as to Counts LXXI (common law indemnification), LXXII (equitable subrogation), LXXIII (breach of contract) and **GRANTED** as to Counts LXXIV (contractual indemnity) and LXXVII  (breach of express guarantee).

7)      Farris Gypsum Floors of Florida, Inc.'s Motion to Dismiss (Dkt. 168) is **DENIED** as to Counts LXIV (common law indemnification), LXV (equitable subrogation), LXVI (breach of contract) and **GRANTED** as to Counts LXVII (contractual indemnity), LXVIII (negligence), LXIX (contribution), and LXX (breach of express guarantee). Counts LXVII and LXVIII are dismissed with prejudice.

8)      Weddle is granted leave to file a Third Amended Third Party Complaint. However, Weddle shall not file a Third Amended Third Party Complaint prior to the November 12, 2008 case management conference. In filing a Third Amended Third Party Complaint, Weddle shall exercise good faith in ensuring that all claims are consistent with the provisions of this Order.

**DONE AND ORDERED** in chambers this ___6th___ day of November, 2008.

JAMES D. WHITTEMORE
United States District Judge

Copies to:
Counsel of Record
Unrepresented parties

13